# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNEY RAY WHITE,<br><br>        Plaintiff,<br><br>    v.<br><br>FRESNO COUNTY DISTRICT ATTORNEY,<br><br>        Defendant. | Case No. 1:18-cv-01307-DAD-BAM<br><br>FINDINGS AND RECOMMENDATIONS TO DENY APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISS ACTION<br><br>(Doc. Nos. 1, 3)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Darney Ray White ("Plaintiff"), a county jail inmate, is proceeding pro se in this civil rights action. Currently before the Court is Plaintiff's application to proceed without payment of fees. (Doc. No. 3.) Also before the Court for screening is Plaintiff's complaint, filed on September 24, 2018. (Doc. No. 1.) For the reasons explained below, the Court will recommend that the application to proceed in forma pauperis be denied and the case dismissed.

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court also is permitted to screen complaints brought by litigants who seek to proceed in forma pauperis. 28 U.S.C § 1915(e)(2). Plaintiff's complaint, or any portion thereof,

1

is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

## II. Plaintiff's Allegations

In this case, Plaintiff is suing the Fresno County District Attorney as the sole defendant. Plaintiff alleges as follows:

> On November 6, 2017 the Fresno County District Attorney filed false robbery charges and assault with a deadly weapon on Plaintiff, resulting from an attempted illegal detention without reasonable or probable cause by an [sic] security guard for Turner Security, Jeremy Mohor, in riverpark mall on November 1, 2017. Plaintiff is accused of having stole [sic] 2 boxes of perfume, and put them in back pack, and walked out the Victoria Secret. Several feet out the store the merchandise alarm sounded, and the mall security guard who testified at [Plaintiff's] prelim that he had no evidence that plaintiff, had or was committing a crime, he charged at plaintiff unannounced from behind and Plaintiff defended self from sudden warrantless attack on person. Defendant-Plaintiff was found with 2 boxes of perfume from the store that security guard had no knowledge of[.] It was a petty theft and did not meet elements to charge robbery. 11 month later charges of robbery are pending and fraudulent and boosted a crime that carries 6 months in custody, well beyond.

(Doc. 1 at 3.) Plaintiff asserts malicious prosecution in violation of the Fourth Amendment, and claims that he "suffered a deprivation of liberty consistent with concept of seizure as consequence of a legal proceeding and continued detention without probable cause." (Id.)

## II. Discussion

### A. Prosecutorial Immunity

As noted above, the sole defendant in this action is the Fresno County District Attorney. However, prosecutors acting in their official capacities are immune from liability under section 1983. See Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute

2

immunity is generally accorded to judges and prosecutors functioning in their official capacities"); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (holding that judges and prosecutors are immune from liability for damages under section 1983). State prosecutors are absolutely immune when performing functions "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976). "[I]n initiating a prosecution and in presenting the State's case, [a] prosecutor is immune from a civil suit for damages under s 1983." Id.

The allegations at issue against the Fresno County District Attorney relate to Plaintiff's criminal prosecution in state court. Thus, Plaintiff's claims are barred by prosecutorial immunity and should be dismissed.

### B. Duplicative Action

In addition to being barred by prosecutorial immunity, Plaintiff's claims also are subject to dismissal as frivolous because they are duplicative of an earlier filed action now being litigated in this court, Darney Ray White v. Fresno County Public Defender, et al., No. 1:18-cv-01220-DAD-SKO ("White I"). In that action, initiated on September 6, 2018, Plaintiff likewise named the Fresno County District Attorney and included nearly identical factual allegations arising out of the same underlying events. Specifically, Plaintiff alleged as follows:

> On November 6th, 2017 The Fresno County District Attorney filed improper charges to hold plaintiff to answer for second degree robbery, when the law is clear that under the circumstances related to the case warranted the charges of petty theft. Plaintiff stole some perfume from Victoria Secret and put them in a back pack. As plaintiff left the store, a merchandise alarm sounded. Plaintiff had completed the taking and was several feet outside the store when a security guard who has no ties to the store profiled and charged at the plaintiff, and he claims that plaintiff swung a knife at him missing. The intent to bring force and fear was clearly after the taking making the charge theft not robbery, also the security guard testified that he never saw plaintiff take anything at plaintiff's pre-lim, and for a charge that carries 6 months is continuing in its 11th month.

(White I, Doc. 1 at 5.)

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 128

3

S. Ct. 2161, 171 L. Ed. 2d 155 (2008)); see also 28 U.S.C. § 1915A(b)(1); <u>Cato v. United States</u>, 70 F.3d 1103, 1105 n. 2 (9th Cir.1995) (complaint that "merely repeats pending or previously litigated claims" may be dismissed as frivolous under the authority of 28 U.S.C. § 1915).

Given the nearly identical factual allegations and assertions, Plaintiff's claims against the Fresno County District Attorney are duplicative of the earlier filed action and should be dismissed.

**Conclusion and Recommendation**

For the reasons set forth above, IT IS HEREBY RECOMMENDED as follows:

1. This action be dismissed with prejudice without leave to amend; and
2. The application to proceed in forma pauperis be denied as moot.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 22, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE